**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SHERAL ANN SAMONS,<br><br>      Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>      Defendant - Appellee. | No. 13-16231<br><br>D.C. No. 2:12-cv-01727-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted September 16, 2015
San Francisco, California

Before: CHRISTEN and FRIEDLAND, Circuit Judges, and LEMELLE,[**] District Judge.

   Claimant Sheral Samons seeks review of the denial of her application for

disability insurance benefits.  Samons contends the administrative law judge

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

("ALJ") erred in finding her not credible, in giving too little weight to the testimony of her treating and examining physicians, and in finding that she does not suffer from generalized pain syndrome or a severe mental health condition. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

1. The ALJ found that Samons lacked credibility and gave three reasons to support the finding: the record suggested that Samons sought mental health treatment to build evidence for her Social Security application rather than to treat her symptoms; Samons misrepresented her work experience; and Samons's description of her symptoms was "vague and general." The record does provide some support for the ALJ's credibility determination. However, "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them," *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995), and the record indicates that Samons may have had *two* call center jobs, which might have accounted for the apparent inconsistencies in Samons's testimony about her work experience. Finally, though Samons's answers to questions about her symptoms were lacking in detail, the questions did not necessarily call for elaboration, nor was she asked to elaborate when she testified.

2. Even assuming substantial evidence supports the ALJ's negative credibility determination, the ALJ's decision to give Dr. Perry's opinion little

weight and her finding that Samons does not suffer from generalized pain syndrome or a severe mental health condition must be reconsidered on remand.

The ALJ gave Dr. Perry's opinion "little weight" because it was "inconsistent with her own treatment notes" and because the ALJ thought Dr. Perry may have been personally biased toward Samons. As for the treatment notes, the ALJ appears to have misunderstood the chronology and import of Dr. Perry's assessments. The ALJ explained, "it is difficult to reconcile Dr. Perry's opinion that the claimant suffers [from] 'marked' limitation . . . with her previous assessment that the claimant 'improved on her own and with therapy.'" The finding of "marked limitations," however, was made over a month before the finding of improvement. Moreover, a finding of improvement is not necessarily inconsistent with Samons still having marked limitations. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Indeed, only a week before the "improved" assessment Dr. Perry spoke with Samons and noted that she "remains depressed." The ALJ further erred by speculating that Dr. Perry's diagnoses may have been made "in an effort to assist a patient with whom . . . she sympathizes for one reason or another,"

3

or that it was based on an attempt to "satisfy [her] patient[']s requests and avoid unnecessary doctor/patient tension." The record does not suggest that Dr. Perry breached her professional obligations or altered her medical opinion out of sympathy for Samons or to avoid unnecessary tension with Samons.

3. The determination that Samons does not have a medically determinable generalized pain syndrome also must be reconsidered on remand. In reaching this finding, the ALJ noted that "trigger points are necessary to make [the] diagnosis [of fibromyalgia]," and found that "the record contains no such trigger point examination." But Samons testified that such testing was performed, and on April 5, 2010 Dr. Chinikhanwala reported that Samons "had 14/18 fibromyalgia tender points." Dr. Chinikhanwala concluded with an impression of "generalized pain syndrome." On remand, Dr. Chinikhanwala's opinion shall be reconsidered to determine whether this record constitutes a diagnosis of fibromyalgia. If so, the ALJ shall assess whether this impacts Samons's ultimate disability determination.

We remand to the ALJ to reconsider whether Samons lacked credibility; whether she suffers from a medically determinable physical impairment, including generalized pain syndrome or fibromyalgia; whether she suffers from a medically determinable severe mental health condition; and whether these conditions affect her ultimate disability determination.

4

REVERSED AND REMANDED.